Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
REGIÓN JUDICIAL DE AGUADILLA
PANEL X

| | | |
|---|---|---|
| ROLANDO REYES SIERRA<br><br>Recurrente<br><br><br>V.<br><br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | KLRA202300445 | *Revisión de Decisión Administrativa* procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm.: ICG-614-2023<br><br>Sobre: Solicitud para Procedimiento Formal en Solicitud de Remedios Administrativos |

Panel integrado por su presidenta; la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 26 de octubre de 2023.

El 11 de agosto de 2023[1], el señor Rolando Reyes Sierra (en adelante, parte recurrente o señor Reyes Sierra), presentó por derecho propio, de forma *pauperis,* la *Solicitud de Revisión Administrativa en Auxilio de Jurisdicción.* Mediante el presente recurso, nos solicita la revisión y posterior revocación de la *Respuesta de Reconsideración al Miembro de la Población Correccional,* emitida el 14 de julio de 2023 y notificada a la parte recurrente el 17 de julio de 2023[2], por el Departamento de

---

[1] Al margen del matasello del Departamento de Corrección y Rehabilitación aparece también la fecha del 8 de agosto de 2023. No obstante, escogimos la fecha del 11 de agosto de 2023 por ser la que afirma la parte recurrida que recibió dicho escrito.

[2] Según surge del expediente, ambas partes acompañaron el mismo documento como *Apéndice,* con la percatada distinción que, en el documento acompañado por la parte recurrente, se hace constar que la fecha de *Recibo de Respuesta* fue el 21 de julio de 2023. Por ninguna incidir con el término jurisdiccional para presentar el presente recurso, para efectos del tracto procesal, aleatoriamente, acogimos la fecha establecida por la parte recurrida.

Número Identificador

SEN2023 _____

Corrección y Rehabilitación (en adelante, parte recurrida o el DCR). En virtud de tal determinación el DCR denegó la petición de reconsideración presentada por el señor Reyes Sierra.

Por los fundamentos que expondremos a continuación, se confirma la determinación recurrida.

**I**

El presente caso tiene su génesis en una *Solicitud de Remedio Administrativo* (número ICG-614-2023), suscrita por el señor Reyes Sierra el 6 de abril de 2023, y presentada ante el Evaluador del DCR el 27 de abril de 2023. En la aludida solicitud, indicó que, el 5 de abril de 2023, fue llevado a cabo un registro en el módulo 8-A1, que no presenció, y que, como consecuencia de este, se le ocupó una libreta de su propiedad que contenía números telefónicos y direcciones de familiares, amigos y agencias de gobierno; así como también, fechas de mociones radicadas por éste. Como remedio, la parte recurrente solicitó la devolución de la aludida libreta.

El DCR emitió su *Respuesta al Miembro de la Población Correccional* el 19 de mayo de 2023[3], mediante la cual acotó que, los oficiales correccionales estaban debidamente orientados en cuanto a la forma de realizar registros en las unidades de vivienda y que, conforme al reglamento de la institución, el confinado no tenía que estar presente al momento de realizarse el registro. Asimismo, apuntó que los confinados tenían conocimiento que, de tener alguna queja, deben presentarla al culminar el registro, y que, el señor Reyes Sierra no lo hizo. Añadió que, de haber presentado la queja al momento, pudieron haber atendido su reclamo.

Insatisfecho, el 5 de junio de 2023, el señor Reyes Sierra presentó la *Solicitud de Reconsideración.* Por medio de esta, arguyó que la respuesta era vaga y superficial, ya que no atendía su

---

[3] Notificada a la parte recurrente el 22 de mayo de 2023.

reclamo. Por consiguiente, insistió en que se le hiciera entrega de la referida libreta. Consecuentemente, el 14 de julio de 2023, mediante la *Respuesta de Reconsideración al Miembro de la Población Correccional*[4], el DCR denegó la petición de reconsideración, toda vez que, luego de verificar con el libro de registro de celdas, no se evidenció ninguna libreta incautada. Además, se le informó al señor Reyes Sierra que, de llegar a aparecer la misma, el personal autorizado se haría responsable de entregársela.

Inconforme con dicha determinación, la parte recurrente acudió ante este foro revisor, mediante *Solicitud de Revisión Administrativa en Auxilio de Jurisdicción* suscrita por éste el 7 de agosto de 2023; certificado su recibo por el Departamento de Corrección y Rehabilitación el 11 de agosto de 2023[5] y recibido en la Secretaría de este Tribunal, el 21 de agosto de 2023[6]. En su recurso, la parte recurrente esgrime los siguientes señalamientos de error:

> Primer error: Erró el Departamento de Corrección y Rehabilitación (en adelante, [el DCR]) al no emitir una respuesta clara, honesta y conforme a derecho.

> Segundo error: Erró el [DCR] al emitir una respuesta que no resuelve la solicitud del [r]ecurrente.

Simultáneamente con el recurso de marras, la parte recurrente acompañó la *Solicitud y Declaración para que se Exima de Pago de Arancel por Razón de Indigencia*. En atención a lo solicitado, el 6 de septiembre de 2023, emitimos *Resolución* en la cual, le concedimos a la parte recurrida por conducto de la Oficina del Procurador General, hasta el 5 de octubre de 2023, para exponer su posición en cuanto al recurso de epígrafe. En adición, le requerimos someter copia certificada del expediente administrativo

---

[4] Notificada a la parte recurrente el 17 de julio de 2023.
[5] Véase nota al calce Núm. 1.
[6] Traído ante nuestra atención el 5 de septiembre de 2023.

identificado alfanuméricamente ICG-614-2023. De otra parte, declaramos Ha Lugar la *Solicitud y Declaración para que se Exima de Pago de Arancel por Razón de Indigencia*, presentada por la parte recurrente. En cumplimiento con lo ordenado, el 5 de octubre de 2023, la parte recurrida presentó *Escrito en Cumplimiento de Orden.*

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II**

### A. *Estándar de Revisión Judicial de Determinaciones Administrativas*

Según es sabido, los tribunales apelativos debemos otorgar amplia deferencia a las decisiones emitidas por las agencias administrativas, puesto que, estas cuentan con vasta experiencia y pericia para atender aquellos asuntos que se les han sido delegados por la Asamblea Legislativa. *Hernández Feliciano v. Mun. Quebradillas*, 2023 TSPR 6, 211 DPR ___ (2023); *OEG v. Martínez Giraud,* 210 DPR 79, 87-89 (2022); *Pérez López v. Depto. Corrección*, 208 DPR 656, 672 (2022); *Super Asphalt v. AFI y otros*, 206 DPR 803, 819 (2021); *Graciani Rodríguez v. Garaje Isla Verde*, 202 DPR 117, 126 (2019).[7] Es por ello que, tales determinaciones suponen una presunción de legalidad y corrección, que a los tribunales nos corresponde respetar, mientras la parte que las impugne no presente prueba suficiente para derrotarlas. *Íd.* No obstante, tal norma no es absoluta, es por lo que, nuestro Máximo Foro ha enfatizado que no podemos imprimirle un sello de corrección, so pretexto de deferencia a las determinaciones administrativas que sean irrazonables, ilegales o contrarias a derecho.

---

[7] Véase *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 35 (2018); *Torres Rivera v. Policía de PR*, 196 DPR 606, 626 (2016); *Batista, Nobbe v. Jta. Directores*, 185 DPR 206, 216 (2012); *Asoc. Fcias. v. Caribe Specialty et al. II*, 179 DPR 923, 940 (2010).

En *Torres Rivera v. Policía de Puerto Rico*, supra, pág 628, nuestro Tribunal Supremo resumió las normas básicas en torno al alcance de la revisión judicial de la siguiente forma:

> [L]os tribunales deben deferencia a las decisiones de una agencia administrativa, pero tal deferencia cederá cuando: (1) la determinación administrativa no está basada en evidencia sustancial; (2) el ente administrativo erró en la aplicación o interpretación de las leyes o reglamentos que se le ha encomendado administrar; (3) el organismo administrativo actuó arbitraria, irrazonable o ilegalmente, realizando determinaciones carentes de una base racional, o (4) la actuación administrativa lesionó derechos constitucionales fundamentales. Es importante destacar que **si el tribunal no se encuentra frente a alguna de esas situaciones, aunque exista más de una interpretación razonable de los hechos procede que se valide la interpretación que realizó la agencia administrativa recurrida**. (Énfasis suplido).[8]

El criterio rector bajo el cual los tribunales deben revisar las decisiones administrativas es el criterio de razonabilidad. *Miranda Santos v. SRM*, 2023 TSPR 39, 211 DPR ___ (2023); *Hernández Feliciano v. Mun. Quebradillas*, supra; *OEG v. Martínez Giraud*, supra, pág. 90; *Super Asphalt v. AFI y otros*, supra, pág. 820; *Graciani Rodríguez v. Garaje Isla Verde*, supra, pág. 127; *Torres Rivera v. Policía de PR*, supra, pág. 626. Bajo este criterio, se limita la revisión judicial a dirimir si la agencia actuó de forma arbitraria o ilegal, o de manera tan irrazonable que su actuación constituya un abuso de discreción. *Íd.*; *Pérez López v. Depto. Corrección*, supra, pág. 673; *Super Asphalt v. AFI y otros*, supra, pág. 819-820; *Rolón Martínez v. Supte. Policía*, supra, pág. 36; *Batista, Nobbe v. Jta. Directores*, supra, pág. 216.

Bajo este supuesto, la Sec. 4.5 de la Ley Núm. 38 del 30 de junio de 2017, 3 LPRA 9675, conocida como la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), "estableció el marco de revisión judicial de las agencias

---

[8] Véase *Hernández Feliciano v. Mun. Quebradillas*, supra; *Super Asphalt v. AFI y otros*, supra, págs. 819-820.

administrativas". *Rolón Martínez v. Supte. Policía,* supra, pág. 35. La intervención del tribunal se limita a tres áreas, a saber: (1) si el remedio concedido por la agencia fue apropiado; (2) si las determinaciones de hecho que realizó la agencia están sostenidas por evidencia sustancial que obra en el expediente administrativo visto en su totalidad, y (3) si las conclusiones de derecho del ente administrativo fueron correctas. *Íd.* págs. 35-36; *Hernández Feliciano v. Mun. Quebradillas,* supra; *OEG v. Martínez Giraud,* supra, pág. 89; *Torres Rivera v. Policía de PR,* supra, págs. 626-627; *Batista Nobbe v. Jta. Directores,* supra, pág. 217; Sec. 4.5 de la LPAU, 3 LPRA sec. 9675. Nuestro Máximo Foro, ha expresado que, esta intervención "debe ocurrir cuando la decisión administrativa no se fundamente en evidencia sustancial o cuando la agencia se equivoque en la aplicación de la ley". *Rolón Martínez v. Supte. Policía,* supra, pág. 36. Siendo así, aquellas determinaciones de hechos formuladas por el ente administrativo deberán sostenerse cuando estén basadas en evidencia sustancial que surja del expediente administrativo considerado en su totalidad. *Íd.; Hernández Feliciano v. Mun. Quebradillas,* supra; *OEG v. Martínez Giraud,* supra, pág. 90; *Super Asphalt v. AFI y otros,* supra, pág. 819-820. Por otro lado, las determinaciones de derecho pueden ser revisadas en su totalidad. *Rolón Martínez v. Supte. Policía,* supra, pág. 36; *Torres Rivera v. Policía de PR,* supra, pág. 627; Sec. 4.5 LPAU, 3 LPRA sec. 9675. No obstante, los tribunales deberán darles peso y deferencia a las interpretaciones que la agencia realice de aquellas leyes particulares que administra. *Rolón Martínez v. Supte. Policía,* supra, págs. 36-37; *Torres Rivera v. Policía de PR,* supra, pág. 627. El Tribunal Supremo ha dispuesto que, la deferencia que le deben los tribunales a la interpretación que haga el ente administrativo sobre aquellas leyes y reglamentos que le corresponde poner en vigor, cede si la agencia: "(1) erró al aplicar la ley; (2) actuó arbitraria,

irrazonable o ilegalmente, o (3) lesionó derechos constitucionales fundamentales". *Íd.* págs. 627-628; *OEG v. Martínez Giraud,* supra, pág. 90. Finalmente, nuestra más Alta Curia ha expresado que, conforme lo anterior, el criterio administrativo no podrá prevalecer en aquellas instancias donde la interpretación estatutaria realizada por una agencia provoque un resultado incompatible o contrario al propósito para el cual fue aprobada la legislación y la política pública que promueve. Así, "la deferencia judicial al *expertise* administrativo, concedido cuando las agencias interpretan la ley, tiene que ceder ante actuaciones que resulten irrazonables, ilegales o que conduzcan a la comisión de una injusticia". *OEG v. Martínez Giraud*, supra, pág. 90-91.

**B. Reglamento para Atender las Solicitudes de Remedios Administrativos Radicadas por los Miembros de la Población Correccional, Reglamento Núm. 8583**

Conforme a las disposiciones contenidas en la LPAU y acorde con el Plan de Reorganización Núm. 2 de 21 de noviembre de 2011, el cual establece las facultades del Departamento de Corrección y Rehabilitación, se creó el Reglamento para Atender las Solicitudes de Remedios Administrativos Radicadas por los Miembros de la Población Correccional, Reglamento Núm. 8583 de 3 de junio de 2015 (Reglamento Núm. 8583). Además, este fue promulgado al amparo de la ley federal conocida como *Civil Rights of Institutionalized Person Act*, con el fin de canalizar de forma efectiva los reclamos de la población correccional. *Pérez López v. Depto. Corrección*, supra, pág. 670.

El objetivo principal del referido esquema legal es que, toda persona recluida en una institución correccional disponga de un organismo administrativo, en primera instancia, ante el cual pueda presentar una solicitud de remedio, con el fin de minimizar las diferencias entre los miembros de la población correccional y el personal del Departamento de Corrección y Rehabilitación.

Asimismo, este tiene como objetivo el evitar y reducir la presentación de pleitos en los tribunales de instancia. Véase, Introducción del Reglamento Núm. 8583, *supra*; *Pérez López v. Depto. Corrección*, supra, pág. 670. En específico, la Regla VI del Reglamento Núm. 8583, dispone que la División de Remedios Administrativos, tendrá jurisdicción para atender toda solicitud de remedio presentada por los miembros de la población correccional, relacionada directa o indirectamente con actos o incidentes que afecten personalmente al miembro de la población correccional en su bienestar físico, mental, en su seguridad personal o en su plan institucional, entre otras. *Muñoz Barrientos v. ELA et al.*, 2023 TSPR 105, 212 DPR ___ (2023); *Pérez López v. Depto. Corrección*, supra, pág. 670. La División de Remedios Administrativos cuenta con un procedimiento para atender las solicitudes de remedios instadas por la población correccional. En las Reglas XII-XV se establecen los estándares y procedimientos para la radicación y contestación de solicitudes de remedio. Reglamento Núm. 8583, *supra.*

Por otro lado, la Regla XIII, Sección 5, del Reglamento 8583, *supra*, dispone que el Evaluador tiene la facultad para desestimar las solicitudes de los miembros de la población correccional cuando se dan una serie de circunstancias, como haber radicado la solicitud de remedio más de una vez sobre el mismo asunto.

Finalmente, el Reglamento 8583, *supra*, dispone que, el Tribunal de Apelaciones podrá realizar la revisión judicial de las solicitudes de remedios administrativos instadas por los miembros de la población correccional. *Pérez López v. Depto. Corrección*, supra, pág. 671. En lo pertinente, dispone lo siguiente:

1. El miembro de la población correccional podrá solicitar revisión ante el Tribunal de Apelaciones, dentro del término de treinta (30) días calendarios, contados a partir de la fecha del archivo en autos de la copia de la Notificación de la Resolución de

Reconsideración, emitida por el Coordinador de Remedios Administrativos o noventa (90) días a partir de la radicación de la Solicitud de Reconsideración acogida, si la Agencia no actúa conforme a la misma.

2. [...][9]

Esbozada la normativa jurídica que enmarca la controversia de epígrafe, procedemos a resolver.

### III

En el presente caso, el señor Reyes Sierra nos solicita que revoquemos la determinación del DCR, en la cual, denegó su *Solicitud de Reconsideración*. En su comparecencia ante este foro revisor, arguye que, el DCR incidió al no emitir una respuesta clara, honesta, conforme a derecho, que no resuelve su solicitud.

Según surge del tracto procesal, el 5 de abril de 2023, se llevó a cabo un registro en la celda de la parte recurrente, en el cual, alega que se le incautó una libreta de su propiedad. A raíz de ello, presentó una *Solicitud de Remedio Administrativo*, para que se le hiciera entrega de esta. Entre sus planteamientos, arguyó que no se encontraba en su celda al momento del registro y que, la libreta incautada contenía información personal suya, así como también, de familiares y amigos. En respuesta, el DCR acotó que, conforme al reglamento de la institución, la parte recurrente no tenía que estar presente al momento de realizarse el registro. Añadió que, al culminar el registro, no se presentó queja alguna sobre el particular y, que de haberlo hecho al momento se hubiese aclarado el asunto.

Inconforme, el recurrente presentó una *Solicitud de Reconsideración*, en la cual, insistió en la entrega de la referida libreta. Consecuentemente, el DCR denegó su solicitud, y se basó en que, luego de cotejar con el libro de registro de celdas, no se encontró libreta alguna. No obstante, se le orientó que, de encontrarse, le

---

[9] Regla XV del Reglamento Núm. 8583, *supra.*

harían entrega de esta. Aún insatisfecho, la parte recurrente acude ante nos.

De acuerdo al derecho reseñado, como tribunal revisor, estamos llamados a dar amplia deferencia a las decisiones emitidas por las agencias administrativas, toda vez que, estas cuentan con vasta experiencia y pericia para atender aquellos asuntos que le fueron delegados por la Asamblea Legislativa.[10] Es por ello que, tales determinaciones suponen una presunción de legalidad y corrección, que a los tribunales nos corresponde respetar, mientras la parte que las impugne no presente prueba suficiente para derrotarlas.[11]

En el caso de marras, el señor Reyes Sierra no aportó evidencia suficiente para derrotar la presunción de corrección que caracteriza la decisión de la parte recurrida. Si bien la parte recurrente sostiene que la respuesta del DCR no fue una clara, honesta y conforme a derecho, del expediente se desprende que, el DCR fue claro en su determinación. Siendo ello así, el DCR llevó a cabo la debida búsqueda y cotejó en el libro de registro de celdas, así como también, el informe del sargento en turno –al momento en que se realizó el registro–, para dar con la aludida libreta. Además, se le informó a la parte recurrente que, de posteriormente encontrarla, le harían entrega de esta. Incluso, además de la *Respuesta de Reconsideración al Miembro de la Población Correccional*, el 2 de octubre de 2023, el DCR emitió una certificación en la que reiteró que no se evidenció libreta alguna en la bitácora de los bienes ocupados en los registros de celda. De igual forma, la parte recurrente tuvo disponible, conforme a derecho, los

---

[10] Véase *Hernández Feliciano v. Mun. Quebradillas*, supra; *OEG v. Martínez Giraud,* supra, pág. 87-89; *Pérez López v. Depto. Corrección*, supra, pág. 672; *Super Asphalt v. AFI y otros*, supra, pág. 819; *Graciani Rodríguez v. Garaje Isla Verde*, supra, pág. 126; *Rolón Martínez v. Supte. Policía*, supra, pág. 35; *Torres Rivera v. Policía de PR*, supra, pág. 626; *Batista, Nobbe v. Jta. Directores*, supra, pág. 216; *Asoc. Fcias. v. Caribe Specialty et al. II*, supra, pág. 940.
[11] *Íd.*

recursos administrativos para atender su reclamo; apercibiéndole el DCR sobre su derecho a solicitar revisión, según lo ejerció. Notamos, pues, que el DCR atendió el petitorio del señor Reyes Sierra adecuadamente y conforme a derecho.

A la luz de lo anterior, insistimos en que, luego de un análisis del expediente ante nuestra consideración, razonamos que no se justifica nuestra intervención. Consideramos que, la parte recurrida no actuó de manera arbitraria, ilegal, irrazonable o fuera de los poderes que le fueron delegados.[12] Asimismo, somos del criterio de que, la parte recurrente no logró rebatir la presunción de corrección que cobija la determinación recurrida. Por tal razón, la respuesta ofrecida al señor Reyes Sierra merece la mayor deferencia de este Honorable Tribunal.

**IV**

Por los fundamentos antes esbozados, confirmamos la determinación recurrida.

Notifíquese a las partes, al Procurador General y al Secretario del Departamento de Corrección y Rehabilitación.  El Administrador de Corrección deberá entregar copia de esta *Sentencia* al confinado, en cualquier institución donde este se encuentre.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[12] Véase *Hernández Feliciano v. Mun. Quebradillas*, supra; *OEG v. Martínez Giraud*, supra, pág. 90; *Super Asphalt v. AFI y otros*, supra, pág. 820; *Graciani Rodríguez v. Garaje Isla Verde*, supra, pág. 127; *Torres Rivera v. Policía de PR*, supra, pág. 626; *Pérez López v. Depto. Corrección*, supra, pág. 673; *Super Asphalt v. AFI y otros*, supra, pág. 819-820; *Rolón Martínez v. Supte. Policía*, supra, pág. 36; *Batista, Nobbe v. Jta. Directores*, pág. 216.